18-3730
*Helena Moreira v. Wilkinson*

BIA
Christensen, IJ
A205 400 843

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-one.

PRESENT:
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

SALVADOR HELENA MOREIRA,
> *Petitioner,*

> v.                                                   18-3730
>                                                      NAC

ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:          Bruno Joseph Bembi, Hempstead, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Virginia Lum, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Salvador Helena Moreira ("Moreira"), a native and citizen of El Salvador, seeks review of a December 11, 2018 decision of the BIA affirming a December 20, 2017 decision of an Immigration Judge ("IJ") denying Moreira's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Salvador Helena Moreira*, No. A 205 400 843 (B.I.A. Dec. 11, 2018), *aff'g* No. A 205 400 843 (Immigr. Ct. N.Y.C. Dec. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well established. *See* 8

2

U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

As an initial matter, Moreira's argument that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), his notice to appear ("NTA") was ineffective to vest jurisdiction in the immigration court is foreclosed by our decision in *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019). "[A]n NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." *Id.* at 112. Moreira unquestionably received notice of the hearings at which he appeared. To the extent that Moreira challenges the agency's denial of his asylum application as untimely filed more than one year after his entry, he conceded the untimely filing before the agency. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122–24 (2d Cir. 2007) (discussing mandatory issue exhaustion).

Regardless, as discussed below, the agency's adverse credibility determination and finding that Moreira filed a frivolous application are dispositive.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76.

The agency reasonably relied on Moreira's multiple inconsistent statements regarding whether he was attacked

4

after work as a consequence of catching two gang members shoplifting, whether he returned to work after the incident, whether he called the police, and when his bike was stolen. The record reflects that Moreira's testimony on these points was inconsistent with his written statements, asylum application, and the record of his credible fear interview. Moreover, when confronted with these inconsistencies, Moreira failed to provide compelling explanations and created further contradictions. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Given these material inconsistencies, the adverse credibility determination is supported by substantial evidence, *see Xiu Xia Lin*, 534 F.3d at 165-66, and is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate, *see Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

These inconsistencies also support the agency's

determination that Moreira filed a frivolous application. If the agency determines that an alien has knowingly filed a frivolous application for asylum, the alien is permanently ineligible for any immigration benefits, save withholding of removal and CAT relief. *See* 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20. To make such a finding, an IJ must (1) give the alien notice "of the consequences of filing a frivolous application"; (2) make "a specific finding . . . that the alien knowingly filed a frivolous application"; (3) identify "sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated"; and (4) allow the alien "sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Matter of Y-L*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007); *accord* 8 C.F.R. § 1208.20.

In this case, Moreira received both oral and written notice of the consequences of filing a frivolous application. The IJ made a specific finding, separate from the adverse credibility determination, regarding frivolousness. The IJ explained that his finding was based on Moreira's deliberate act of providing materially different versions of his claim.

6

The IJ gave Moreira ample opportunity to address inconsistencies, but Moreira's explanations for the inconsistencies did not resolve them and provided further contradiction. *See Majidi*, 430 F.3d at 80.  Because the IJ followed the proper procedural safeguards in making his frivolousness finding, and the record reflects clear contradictions in material elements of Moreira's claim, we find no error in the determination that he filed a frivolous application. *See Matter of Y-L*, 24 I. & N. Dec. at 155.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7